UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BURKE LEE ANTHONY TYLER,            :
                                     :
    Petitioner,                      :
                                     :
    v.                               :    CIVIL NO. 3:17-CV-38
                                     :
SUPT. BARRY SMITH, et al.,           :    (Judge Kosik)
                                     :
    Respondents.                     :

### **MEMORANDUM**

Petitioner Burke Lee Anthony Tyler, an inmate incarcerated at the State Correctional Institution ("SCI") at Houtzdale, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 on January 6, 2017.  In the petition, he challenges his Court of Common Pleas of York County, Pennsylvania conviction on charges of robbery, terroristic threats, false identification, simple assault and theft by deception.  He pled guilty and received an aggregate sentence on October 14, 2014 of six (6) to twelve (12) years in prison.  Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). On January 11, 2017, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was also afforded the opportunity to file a reply. (Doc. 4). On January 18, 2017, Respondents filed a motion to dismiss the petition as untimely (Doc. 5) and a motion to stay a response on the merits of the petition (Doc. 6). A motion to proceed in forma pauperis was filed by Petitioner on January 23, 2017 (Doc. 7), and on January 25, 2017, Petitioner filed his opposition to Respondents' motion to dismiss his petition as untimely (Doc. 8). In support of his opposition, Petitioner argues first that there should not be a statute of limitations and, in the alternative, that he is entitled to equitable tolling. For the reasons that follow, Petitioner's in forma pauperis motion will be granted for the purpose of filing this action, but his arguments will be rejected and the petition will be dismissed as untimely. Respondents' motion to stay any response on the merits will be denied as moot in light of the dismissal of the petition.

I. **Background**

As previously stated, Petitioner is serving an aggregate 6-to-12 year sentence following a guilty plea to the charges referenced above in the York County Court of Common Pleas. Petitioner did not file a direct appeal to the Superior Court of

Pennsylvania from his state conviction, nor a petition for post-conviction relief ("PCRA") with the sentencing court. The instant federal habeas corpus petition was filed on January 6, 2017 (Doc. 1), wherein Petitioner challenges his sentence.

## I.     Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the AEDPA. Pub.L. No. 104-132, 110 Stat. 12214 (April 24, 1996). See 28 U.S.C. § 2244(d)(1).  A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was convicted and sentenced by the York County Court on October 14, 2014. He did not file a direct appeal to the Pennsylvania Superior Court. As such, his conviction became final on November 13, 2014, which is thirty (30) days following the date the sentence was imposed. The one-year federal limitations deadline commenced on this date, and expired one year later, on November 13, 2015. Hence, the instant federal petition filed on January 6, 2017 appears to be untimely. However, the court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

**A.     Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v.

4

Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.")(some internal quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001). A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). There is no tolling applicable in the instant case in that Petitioner readily admits that he did not file a PCRA petition. Thus, the instant petition filed here on January 6, 2017 is clearly untimely.

    **B.    Equitable Tolling**

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). "Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights

diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003).

In addition, a court measures the extraordinary circumstances prong subjectively. In analyzing whether the circumstances faced by a petitioner were extraordinary, "the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period." See Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013)(citing Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011))(internal citations omitted)(emphasis in

original). To obtain relief, there must be a causal connection, or nexus, between the extraordinary circumstances petitioner faced and his failure to file a timely federal petition. See Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001), abrogated on other grounds by Saffold v. Carey, 536 U.S. 214 (2002). A demonstration cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner claims that there should not be a statute of limitations in habeas matters. Petitioner also does not disagree, however, that his petition is untimely. But, he argues that § 2244(d)(1) violates Article III and the Separation of Powers doctrine. In the alternative, he contends that for the reasons set forth in the grounds in his petition, that there has been a miscarriage of justice in the instant case, and therefore he is entitled to equitable tolling. Petitioner is mistaken. He is not able to meet either of the prongs necessary for equitable tolling to apply, and as such, is not entitled to equitable tolling in this case.

Petitioner claims that a miscarriage of justice occurred in this case, because of defects existing in the Information filed in his case. He also claims that the state trial court was without the power to convict him, and therefore the judgment is "void ab initio." He challenges the Violent Offender Incarceration and Truth In Sentencing

("VOITIS") Incentive Grant Program, 42 U.S.C. § 13701 et seq. as unconstitutional, claiming that the Commonwealth of Pennsylvania received a lot of money to enforce VOITIS.  Based on the foregoing, Petitioner seeks the application of the equitable tolling doctrine to save his federal petition from the untimeliness bar.

The court rejects Petitioner's argument for the following reasons.  First, with respect to due diligence, Petitioner neither filed a direct appeal nor a PCRA petition with respect to his sentence.  He offers no reason for failing to raise these arguments sooner.  Moreover, even if Petitioner had acted with due diligence, he fails to raise any argument in his petition that establishes that he faced an extraordinary circumstance in this case that prevented him from filing a timely federal habeas petition.  Sine no basis exists for finding that equitable tolling should be applied in this case, the instant petition will be dismissed as untimely.

### III. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order follows.